IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH W. STEVENS,

    Petitioner,                    No. CIV S-05-2546 RRB DAD P

    vs.

BOARD OF PRISON TERMS,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board of Prison Terms' decision to deny him parole. On March 29, 2007, the undersigned ordered respondent to file and serve a response to petitioner's application. On April 27, 2007, respondent filed a motion to dismiss on the grounds that this action has been rendered moot. Petitioner has not filed an opposition to the motion to dismiss. On June 6, 2007, the court issued an order requiring petitioner to show cause within twenty days why respondent's motion to dismiss should not be granted. Petitioner has not filed any response to that order to show cause.

**ANALYSIS**

        Petitioner challenges the Board of Prison Terms' September 16, 2004 decision to deny him parole. Petitioner was paroled on April 4, 2006 and remains on parole. (Resp't's Mot.

1

to Dismiss, Ex. A.)  Under Article III of the United States Constitution, federal courts are not allowed to decide moot questions or abstract propositions.  <u>North Carolina v. Rice</u>, 404 U.S. 244, 245-46 (1971).  A habeas corpus petition becomes moot when a prisoner completes his sentence before the court addresses the merits of the petition.  See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1019 (9th Cir. 2001);  <u>Fendler v. U.S. Bureau of Prisons</u>, 846 F.2d 550, 555 (9th Cir. 1987) (habeas petition challenging denial of parole, and not original conviction, was moot because petitioner had been released on parole); <u>Brady v. U.S. Parole Commission</u>, 600 F.2d 234, 236 (9th Cir. 1979) (same).  Having been released on parole, petitioner's challenge to the Board of Prison Terms' decision to deny him parole is now moot, and this action should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stev2546.157